Case 1:16-cv-00028 Document 34 Filed in TXSD on 12/13/16 Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
December 13, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RICARDO HERNANDEZ, § | | |
| and MARIA QUIROGA, § | | |
| on behalf of themselves, and § | | |
| all others similarly situated, § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | Case No. 1:16-cv-028 | |
| § | | |
| RESTAURANT ORGANIZATION, § | | |
| L.L.C., et al, § | | |
| Defendants. § | | |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Defendants Magama, L.L.C., and Margarita De Leon have filed a "Motion to Dismiss Plaintiffs' Collective Action Complaint" (hereinafter, Defendants' "Motion to Dismiss"). Dkt. No. 22. Defendant Restaurant Organization, L.L.C., has filed a two-paragraph "Joinder of Motion to Dismiss" (hereinafter, "Restaurant Organization's Motion"). Dkt. No. 24. Restaurant Organization's Motion states that it "has no reason to question the facts pled" in Defendants' Motion to Dismiss; therefore, if the facts contained in Defendants' Motion to Dismiss are true, those facts would negate its own liability. *Id*. at *1. As will be discussed below, Defendants' Motion to Dismiss lacks merit. Therefore, it is recommended that the Court deny Defendants' Motion to Dismiss. To the extent that Restaurant Organization's Motion seeks dismissal of Plaintiffs' claims, it is additionally recommended that the Court deny Restaurant Organization's Motion.

## I. Jurisdiction

This Court has original federal question jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 because it was brought pursuant to the Fair Labor Standards Act ("FLSA"). *See* 29 U.S.C. § 201, et seq.

## II. Legal Standards

Rule 8(a)(2) of the Federal Rules of Civil Procedure sets out the fundamental pleading standard for civil litigation and requires "a short plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must state a claim upon which relief can be granted or the complaint may be dismissed with prejudice as a matter of law. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss for failure to state a claim, well-pleaded facts must be accepted as true and viewed in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) and *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).

In *Katrina Canal Breaches*, the Fifth Circuit acknowledged the Supreme Court's abrogation of the "no set of facts" standard for determining the adequacy of a pleading:

> We have often stated that a claim should not be dismissed under Rule 12(b)(6) unless the plaintiff would not be entitled to relief under any set of facts or any possible theory he may prove consistent with the allegations in the complaint. *See, e.g., Martin K. Eby Constr.*, 369 F.3d at 467 (quoting *Jones*, 188 F.3d at 324). This standard derived from *Conley v. Gibson*, which stated that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff

can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957). But recently in *Bell Atlantic*, the Supreme Court made clear that the Conley rule is not "the minimum standard of adequate pleading to govern a complaint's survival." 127 S.Ct. at 1968-69.

495 F.3d at 205 n.10. To withstand a Rule 12(b)(6) motion, then, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id*. at 205 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570-72, 127 S. Ct. 1955, 1974 (2007)). This means that a complaint, taken as a whole, "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory[.]" *Twombly*, 550 U.S. 544, 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984) (internal quotation marks omitted; emphasis and omission in original)).

The complaint must also meet the twin requirements of fact-based pleading and plausibility. More specifically, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 544, 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 2944 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id*. Although the Supreme Court in *Twombly* stressed that it did not impose a probability standard at the pleading stage, an allegation of a mere possibility of relief does not satisfy the threshold requirement of Rule 8(a)(2) that the "plain statement" of a claim include factual "allegations plausibly suggesting (not merely consistent with)"

an entitlement to relief. *Twombly*, 550 U.S. 544, at 557. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 684, 129 S.Ct. 1937, 1953 (2009) (rejecting the argument that the *Twombly* plausibility pleading standard applied only in antitrust cases and expressly holding the standard applies "all civil actions."). A court need not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions[.]" *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) (citing *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).

### III. Discussion

In their Motion to Dismiss, Defendants summarize their argument for dismissal as follows:

> Plaintiffs assert claims against Defendants Magama, LLC, Margarita De Leon and others for alleged unpaid wages and damages, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. Plaintiffs previously agreed to accept payment of those claims through the [Department of Labor], however, and they have been paid in full. Because Plaintiffs have identified no basis on which they may pursue recovery of those previously settled claims, this action should be dismissed.

Dkt. No. 22 at 1. In support of their argument that Plaintiffs have been paid in full, Defendants reference two exhibits. *See* Dkt. Nos. 22-1 and 22-2. Both exhibits appear to be a "Back Wage Compliance and Payment Agreement[s]" between the United States Department of Labor ("DOL"), and the restaurant, Gorditas Doña Tota,[1] accompanied by documents bearing the label "Summary of Unpaid Wages." *Id.*

The Back Wage Compliance and Payment Agreements are not signed by the Department of Labor. Dkt. No. 22-1 at 3; Dkt. No. 22-2 at 3. An "officer" of Gorditas

---

[1] Magama, L.L.C., states that it is "doing business as Gorditas Doña Tota. Dkt. No. 22 at 2.

Doña Tota appears to have signed the agreements, but the officer's name and title are illegible. *Id*. The Summary of Unpaid Wages documents state that the signing officer agrees "to pay the listed employees the amount due shown above by 05/15/16." Dkt. No. 22-1 at 4; Dkt. No. 22-2 at 4. But, some of these Summary of Unpaid Wages agreements are signed, and some are not. *Compare* Dkt. No. 22-2 at 4-6, with Dkt. No. 22-1 at 4-5. Additionally, the employee identified on one of the Summary of Unpaid Wages documents is identified as "Quiroga, San Juana[.]" Dkt. No. 22-2 at 5. Defendants have not demonstrated that "Quiroga, San Juana" is Plaintiff Maria Quiroga.

Defendants have filed no evidence establishing that either Plaintiff in this action has received full payment for their claims. In Plaintiffs' Response to Defendants' Motion to Dismiss (hereinafter, "Plaintiffs' Response"), Plaintiffs state that they have not received any payments to settle their claims. Dkt. No. 32 at 3. Plaintiffs contend, apparently in the alternative, that "even if" they participated in the DOL settlement, the settlement does not cover the entire period of time at issue in this lawsuit. *Id*. at 4. Plaintiffs also point out that the Defendants' Motion to Dismiss does not address Plaintiff Maria Quiroga's claims. *Id*.

The FLSA authorizes the DOL to investigate alleged violations of the FLSA and proceed on behalf of covered employees to enforce the FLSA's provisions. *Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537, 539 (5th Cir. 1977). The FLSA also provides that an employee who agrees to accept payment pursuant to a DOL-supervised settlement will waive their right to proceed against their employer if they receive

payment "in full[.]" 29 U.S.C.A. § 216(c) (West). Specifically, § 216(c) of the Act provides:

> The Secretary is authorized to supervise the payment of the unpaid minimum wages or the unpaid overtime compensation owing to any employee or employees under section 206 or section 207 of this title, and the agreement of any employee to accept such payment shall upon payment in full constitute a waiver by such employee of any right he may have under subsection (b) of this section to such unpaid minimum wages or unpaid overtime compensation and an additional equal amount as liquidated damages.

*Id*.

In a relatively recent opinion, Chief United States District Judge Lee H. Rosenthal provided a detailed explanation of the qualifications for a waiver under § 216(c).

> Acceptance of a payment reached in a DOL settlement amounts to a waiver only if the employee agree[s] to accept the payment the DOL determines to be due and it is "payment in full." A settlement agreement has been "supervised" if the DOL "played a significant role" by investigating the claim, determining the amount owed, and sending out or approving a receipt stating that acceptance waives the right to sue. In *Walton v. United Consumers Club, Inc.*, 786 F.2d 305, the Seventh Circuit explained how to distinguish settlements that give rise to a waiver of subsequent claims from those that do not:
>
>> The Department apparently distinguishes among settlements. When it thinks it has achieved "enough" for the employees- something close to full payment of the wages and overtime due-it sends them agreements explicitly releasing the right to sue, and it requests them to sign these forms if they wish to take the money. When the Department thinks it has fallen far short, it does not solicit these signatures. The Department's decision is the kind of supervision that § 16(c) contemplates. The idea is that federal supervision replaces private bargaining, and that the right to receive full statutory wages and overtime is not to be extinguished without the assent of both employee and Secretary. If the Secretary withholds assent, he declines to send out the form soliciting agreement.
>
> 786 F.2d at 306[.]

*Maynor v. Dow Chem. Co.*, No. CIV. A. G-07-0504, 2008 WL 2220394, at *10–11 (S.D. Tex. May 28, 2008) (citations omitted).

Defendants' Motion to Dismiss does not substantiate their claim that the Plaintiffs were paid in full, nor does it show that Plaintiffs have waived their claims or accepted payment pursuant to a DOL-supervised settlement. Defendants state that "Plaintiffs have not alleged they did not agree to the waiver or that they were not "paid in full." Dkt. No. 22 at 5 (errors in original). But, Defendants have provided the Court with no authority indicating that it is Plaintiffs' burden to negate the waiver issue in their Complaint. Accordingly, having failed to demonstrate an entitlement to relief, Defendants' Motion to Dismiss should be denied. To the extent that Restaurant Organization's Motion seeks dismissal of Plaintiffs' claims, it should also be denied because it has provided no independent grounds for dismissal.

## IV. Recommendation

For the foregoing reasons, it is recommended that the Court deny Defendants' Motion to Dismiss (Dkt. No. 22). To the extent that Restaurant Organization's Motion (Dkt. No. 24) seeks dismissal of Plaintiffs' claims, it is recommended that the Court deny Restaurant Organization's Motion.

## V. Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within

fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 13th day of December, 2016.

_____
**Ignacio Torteya, III
United States Magistrate Judge**